UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: _____

ROSITA LOUISSANT, on behalf of herself and
all others similarly situated,

        Plaintiff,

v.

VISTANA MANAGEMENT, INC.,
a Florida corporation,

        Defendant.
_____/

## **COLLECTIVE ACTION COMPLAINT**

COMES NOW Plaintiff, ROSITA LOUISSANT, on behalf of herself and all others similarly situated, by and through her undersigned counsel, and sues the Defendant, VISTANA MANAGEMENT, INC., a Florida corporation (hereinafter, referred to as "VMI" and/or "Defendant") and allege as follows:

1. That Plaintiff, former employee of Defendant, bring this collective action on behalf of herself and all other similarly situated employees of Defendant, to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq..

2. That jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. That at all times material hereto, Plaintiff, and others similarly situated, were and are presently a resident of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5. That at all times material hereto, Defendant was the employer of the Plaintiff, and

1

others similarly situated, was conducting business in this judicial district and was an 'employer' under the FLSA.

6. That at all times material hereto, Defendant, VMI, was and continues to be an 'enterprise engaged in commerce' within the meaning of the FLSA and at all times have been materially engaged in interstate commerce, and Defendant's annual gross revenues derived from this interstate commerce are well in excess of $500,000.00 for the relevant time period..

7. That at all times material hereto, Plaintiff, and others similarly situated, were 'engaged in commerce' within the meaning of the FLSA.

8. That on or about March of 2017, the Plaintiff, ROSITA LOUISSANT was hired as a housekeeper, and non-exempt, by the Defendant.

9. That when Plaintiff, ROSITA LOUISSANT, commenced employment, Defendant required Plaintiff, ROSITA LOUISSANT, a non-exempt employee under the FLSA, and others similarly situated, to work in excess of forty (40) hours per work-week, and willfully refused to properly compensate Plaintiff, ROSITA LOUISSANT, and others similarly situated, for all such work pursuant to the FLSA.

10. Specifically, Defendant would only compensate Plaintiff, ROSITA LOUISSANT, and others similarly situated, at straight time pay for these hours, as opposed to an overtime premium.

11. This practice by the Defendant occurred to Plaintiff, ROSITA LOUISSANT, and others similarly situated, from at least March of 2017 (her start of employment) through some time in 2018, when the Defendant did begin to pay overtime properly with overtime premiums.

12. That all records concerning the number of hours actually worked by Plaintiff, ROSITA LOUISSANT, and others similarly situated are in the exclusive possession and sole custody and control of the Defendant, and therefore, Plaintiff is unable to state at this time the exact

amount due.

13. That Plaintiff, ROSITA LOUISSANT, however, will exert diligent efforts to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff, ROSITA LOUISSANT, and others similarly situated.

## COUNT I
## FLSA – VMI

Plaintiff, ROSITA LOUISSANT, and others similarly situated, incorporate by reference the allegations contained in paragraphs 1 through 13 of this Complaint.

14. That Plaintiff, ROSITA LOUISSANT, and others similarly situated, are entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

15. That by reason of the intentional, willful and unlawful acts of the Defendant, VMI, in violation of the FLSA, Plaintiff, ROSITA LOUISSANT, and others similarly situated, have suffered damages.

**WHEREFORE**, Plaintiff, ROSITA LOUISSANT, on behalf of herself and others similarly situated, demands judgment against the Defendant, VMI, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, ROSITA LOUISSANT, demands trial by jury.

Dated: March 30, 2020.	Respectfully submitted,

                                        Law Offices of Levy & Levy, P.A.
                                        1000 Sawgrass Corporate Parkway
                                        Suite 588
                                        Sunrise, Florida 33323
                                        Telephone: (954) 763-5722
                                        Facsimile: (954) 763-5723
                                        Email: chad@levylevylaw.com
                                        Service Email: assistant@levylevylaw.com
                                        *Counsel for Plaintiff*

                                        */s/ Chad Levy*
                                        CHAD E. LEVY, ESQ.
                                        F.B.N.: 0851701